The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
You have requested an Attorney General opinion concerning a non-certified school district employee.
You indicate that the employee in question was hired prior to the effective date of Act 1314 of 1997. This employee has a felony conviction dating from more than 30 years ago.
You have asked:
 Does Act 1314 of 1997 prohibit a school district from continuing in its employment a non-certified employee who was employed by the school district prior to the effective date of the Act, and who has a felony record dating from before his employment with the district?
It is my opinion that Act 1314 does not prohibit this school district from continuing the employment of this individual. Rather, the Act grants the school district the discretion to determine whether to continue the employment of this individual.
Act 1314 is codified at A.C.A. § 6-17-414 through -416. Section -414 requires that beginning on April 10, 1997, non-certified applicants for positions with all school districts and education service cooperatives must undergo a criminal records check. School districts and education service cooperatives are prohibited from hiring any non-certified applicant who has pleaded guilty or nolo contendere to or has been found guilty of any offense listed in Section 414(b)(1). You indicate that the felony conviction of the employee in question was a conviction for one of the offenses listed in Section -414.
The provisions of Section -414 apply only to non-certified personnel who are hired on or after April 10, 1997. The legislature made it clear that it did not intend for the provisions of Section -414 to apply to non-certified personnel who were already employed by school districts on the effective date of the Act. Rather, the legislature explicitly stated its intent to grant each school district the discretion to determine whether to require existing non-certified employees to undergo criminal background checks under the terms and conditions set forth in Act 1314. This conclusion is obvious from the language of Section -415. That section states:
 (a) It is the clear intent of the General Assembly to authorize each public school district at its discretion to require criminal background checks of existing noncertified employees in the same manner and subject to the same terms and conditions as set forth in this act for newly hired noncertified applicants.
 (b) Any school district which by a vote of its local school board of directors requires criminal background checks for existing noncertified employees shall pay the full cost of the criminal background checks.
A.C.A. § 6-17-415.
The language of the above-quoted section is unambiguous. It clearly allows each school district to decide whether to require non-certified employees to undergo a criminal background check under the terms and conditions set forth in Act 1314. It is my understanding that the school district that is the subject of your question does not require its non-certified employees to undergo a background check, and that it learned of the employee's felony conviction from other means. The Act makes clear that under these circumstances, the decision to continue the employment of this individual is within the discretion of the school district.
The Arkansas Supreme Court has held many times that when the language of a statute is unambiguous, it should be interpreted just as it reads.
Accordingly, I conclude that Act 1314 of 1997 does not prohibit a school district from continuing in its employment a non-certified employee who was employed by the school district prior to the effective date of the Act, and who has a felony record dating from before his employment with the district.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh